IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DWAYNE WILLIAMS, <br><br> Petitioner, <br><br> vs. <br><br> WILLIAM SPERFSLAGE, <br><br> Respondent. | No. C17-0004-LTS <br><br> INITIAL REVIEW ORDER |

This matter is before the court pursuant to the petitioner's application for a writ of habeas corpus (Doc. No. 1) and application for appointment of counsel (Doc. No. 2). The petitioner submitted those applications on December 29, 2016.[1] The petitioner paid the $5.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00).

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the

---

[1] The petitioner signed his application for a writ of habeas corpus on December 28, 2016, but the envelope that included his application for a writ of habeas corpus bears a December 29, 2016 postmark.

one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[2] It is clear that the statute of limitation started to run in 2012, that is, the year in which all of the petitioner's direct appeal proceedings concluded and his conviction became final.[3] *See State v. Williams*, No. 10-1254, 2011 Iowa App. LEXIS 1266 (Iowa Ct. App. Nov. 9, 2011); *State v. Williams*, Case No. FECR159157 (Black Hawk Cty. Dist. Ct. 2010);[4] *see also* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment

---

[2] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[3] The Iowa Supreme Court denied the petitioner's application for further review on January 19, 2012. Hence, the petitioner's direct appeal became final on April 18, 2012, which is the last date he could have sought a petition for a writ of certiorari. *See* Sup. Ct. R. 13 (setting forth time for petitioning for a writ of certiorari).

[4] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2244, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between April 18, 2012, that is, the date that the petitioner's conviction became final, and December 29, 2016, that is, the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of

appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

After the petitioner's conviction became final on April 18, 2012, the petitioner filed a state post-conviction relief action on August 7, 2012, and the Iowa District Court for Black Hawk County summarily dismissed it on September 18, 2013. *See Williams v. State*, Case No. PCCV119668 (Woodbury Cty. Dist. Ct. 2013).[5] In addition, after his state post-conviction relief action became final, the petitioner waited until February 4, 2014 to file a second state post-conviction relief action, which became final on October 11, 2016. *See Williams v. State*, No. 15-0819, 2016 Iowa App. LEXIS 798 (Iowa Ct. App. Aug. 17, 2016); *Williams v. State*, Case No. PCCV123946 (Black Hawk Cty. Dist. Ct. 2013). Both of the petitioner's state post-conviction relief actions need to have been properly filed in order for the petitioner's application for a writ of habeas corpus to be timely. *See* 28 U.S.C. § 2244(d)(2) (explaining that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [is not counted] toward any period of limitation"). It is unclear whether they were properly filed, especially considering that the Iowa District Court for Black Hawk County summarily dismissed the petitioner's first state post-conviction action and it appears that the Iowa Court of Appeals relied on Iowa Code section 822.8 when affirming the dismissal of the petitioner's second state post-conviction relief action. *See Williams v. State*, No. 15-0819, 2016 Iowa App. LEXIS 798 (Iowa Ct. App. Aug. 17, 2016).

Because the one-year statue of limitation contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling may apply. *See King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th

---

[5] The court notes that the petitioner does not reference or rely on his first state post-conviction relief action.

Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (observing that equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (stating that equitable tolling is reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the [respondent] has lulled the [petitioner] into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)).

The petitioner presents no extraordinary circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (clarifying that a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it). Because the petitioner had no difficulties when submitting his state post-conviction relief applications or the instant application for a writ of habeas corpus, he offers no valid basis to toll the applicable period. *See, e.g.*, *Gordon v. Ark.*, 823 F.3d 1188, 1194-96 (8th Cir. 2016) (determining that mental condition did not cause statute to be equitably tolled); *Bear v. Fayram*, 650 F.3d 1120, 1123-25 (8th Cir. 2011) (deciding that no state-created impediment entitled the petitioner to equitable tolling); *Rues v. Denney*, 643 F.3d 618, 621-22 (8th Cir. 2011) (reaffirming that attorney's miscalculation of filing deadline does not warrant equitable tolling); *Nelson v. Norris*, 618 F.3d 886, 892-93 (8th Cir. 2010) (explaining that a petitioner must establish that he diligently pursued his rights); *Earl v. Fabian*, 556 F.3d

717, 724 (8th Cir. 2009) (reiterating that "lack of access to legal resources does not typically merit equitable tolling"); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (explaining that confusion about limitations period or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings did not warrant equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (concluding that lack of understanding of the law and the effect of a voluntary dismissal does not amount to an extraordinary circumstance); *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (determining that mental impairment did not constitute an extraordinary circumstance justifying the tolling of the limitations period). Indeed, although the petitioner asserts that he missed the deadline as a result of state-created impediments, that is, court-appointed counsel's failure to inform him of the AEDPA, the lack of an adequate law library until 2015 and the state courts' failure to protect him under the state post-conviction statutes, the petitioner fails to acknowledge that he filed a prior application for a writ of habeas corpus in which he specifically addressed the applicable statute of limitation. *See Williams v. State of Iowa*, Case # 1:11-cv-00100-LRR (N.D. Iowa 2011).

Based on the record, it appears that the statute of limitation bars the petitioner's action. Nevertheless, the court finds that it will benefit from the submission of relevant state court records and a response from the respondent. Hence, the clerk's office is directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. The respondent is directed to file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than March 31, 2017.

Lastly, having considered the record, the court concludes that the assistance of counsel is not warranted at this time. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah*

*v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Because it is very likely that the statute of limitation bars the petitioner's action, there is no basis to appoint an attorney. Accordingly, the petitioner's application for appointment of counsel (Doc. No. 2) is denied. If it appears that the assistance of counsel is necessary, the court will sua sponte appoint an attorney to represent the petitioner.

**IT IS SO ORDERED.**
**DATED** this 28th day of February, 2017.

_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE